[Civ. No. 18106.   Second Dist., Div. Three.   July 30, 1951.]

ARTHUR M. HARLAND et al., Respondents, v. JAMES NOTO et al., Appellants.

John F. Sheffield for Appellants.

George L. Hampton for Respondents.

SHINN, P. J.—Appeal by defendants from a decree granting a mandatory injunction requiring defendants to remove their encroachments on the property of plaintiffs.

In 1948 defendants, who were owners of a lot on Franklin Avenue in Los Angeles with frontage of 100.6 feet, offered to sell 50 feet to plaintiffs, who had a small apartment building which they wished to move from land which had been sold to the state for freeway purposes. The offering price was $9,000. Plaintiffs refused, saying they needed at least 54 feet in width to comply with the municipal building code.

Defendants then offered to sell the 54 feet frontage for $12,-000. The sale was consummated and plaintiffs moved their building onto the lot. Defendants gave a grant deed without any reservations. On the portion retained by them defendants have a house which is only 2 inches from the boundary of the property sold to plaintiffs.

This action was brought to require defendants to remove encroachments on plaintiffs' land. These consisted of the eaves of defendants' house which overhung 2.3 feet on plaintiffs' property, a bay window which jutted out at head height 1.77 feet over plaintiffs' property, and defendants' sewer line which extends under plaintiffs' property in an unknown course and at an unknown depth. The trial court granted a mandatory injunction requiring that defendants remove the overhanging eaves, the protruding bay window and, in effect, connect their sewer directly to the main sewer line in front of their property.

In a querulous and fribbling brief, defendants do not question the right of an owner of real property to a mandatory injunction for the removal of encroaching structures on adjoining land, nor do they deny that parts of their building and their sewer line constitute encroachments. They make the following points: (1) The judgment is not supported by the findings of fact and conclusions of law; (2) the decree is uncertain; (3) disconnection of the sewer would be an unlawful act; (4) the encroachment, if it exists, is of a trifling nature and equity will not enjoin it if the injury to the encroaching party in being required to remove it would be greater than that to the party encroached upon; (5) the attempted sale to plaintiffs was void in that it violated a city zoning ordinance which it is claimed requires that at least 50 feet frontage should have been retained by defendants.

The first contention is without merit. ▆ It is true the findings and decree do not contain a legal description of the property but such does appear in the complaint and thus in the judgment roll, and the decree refers to the book and page where the deed to plaintiffs is recorded. The findings locate the eaves and bay window of defendants' house which is located 2 inches from the boundary line of defendants' property. ▆ The findings and decree are clear in requiring defendants to disconnect their sewer line if it now runs through plaintiffs' property. The fact that the line is underground does not render the decree uncertain.

▆ The decree is not ambiguous by reason of lack of spe-

cification of the time for compliance. The changes should be done within a reasonable time. The acts required to be performed are clearly set out and would be easily interpreted by a workman competent to make the alterations.

The act defendants are required to perform, and which it is claimed would be illegal, is that of disconnecting the sewer which their lessees are now using. But the decree contemplates not a disconnection alone but also a reconnecting of a new line leading directly from defendants' property to the main sewer in the street. It is not shown by the record that this would be an illegal act.

The encroachments are not trivial, so far as plaintiffs' rights are concerned. The cost to defendants of obeying the judgment would be nominal when compared with the price they received for the extra 4 feet of their land. The bay window is low enough to be a hazard to a tall man using plaintiffs' walk alongside their building. The eaves overhang half the distance between the buildings and there was evidence that they cut out much of the light. The sewer, which is out of sight, was installed many years ago. There is no estimate in the record of the cost of putting in a new sewer line but the cost of removing the other encroachments is admittedly under $200.

The contention that plaintiffs' deed was void because the property was divided so as to leave defendants a parcel less than 50 feet in width was not raised at the trial and need not be considered. We may observe, however, that a sale of property in violation of the ordinance referred to is not void but only voidable at the instance of the buyer (*Clemons v. City of Los Angeles*, 36 Cal.2d 95 [222 P.2d 439]), and that plaintiffs' parcel is of legal size. If it is unlawful to retain a parcel smaller than one that can be sold legally, which we do not suggest to be the case, the owner of the parcel retained would not for that reason have a right to encroach upon the land he had sold to his neighbor.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.